Grady Lee SHEPHERD *v.* STATE of Arkansas

CR 73-153                                                506 S.W. 2d 553

Opinion delivered March 11, 1974
[Rehearing denied April 8, 1974.]

*Fred Newth,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Alston Jennings Jr.,* Asst. Atty. Gen., for appellee.

CARLETON HARRIS, Chief Justice. Appellant, Grady Lee Shepherd, was charged with violating Act 590 of 1971, as amended by Acts 67 and 68 of 1972, the Uniform Controlled Substances Act (Ark. Stat. Ann. § 82-2601 to 82-2640 [Supp. 1973]), in that he did unlawfully, feloniously and

willfully possess with intent to manufacture, marijuana. Trial was held before the court, sitting as a jury, and appellant was found guilty and sentenced to a term of ten years imprisonment. From the judgment so entered comes this appeal. For reversal, it is first asserted that there is no substantial evidence to support the verdict.

Roy Leon Clouse, an acquaintance of Shepherd, the two previously having worked together, testified that he went to Shepherd's home on July 5, 1972. He said that he had visited Shepherd several times but did not know who owned the property. According to Clouse, appellant pointed out four or five rows of "weeds" about 100 yards from the house in which Shepherd lived, the latter stating to Clouse that this was marijuana. Clouse also said that Shepherd showed him a gallon jug containing what looked to him (Clouse) like tobacco. It was brown and Clouse said that Shepherd said the jar contained marijuana. Michael Earl Vowell, employed by the Bureau of Narcotics and Dangerous Drugs, testified that he and Deputy Sheriff Joe Borghetti went to the mentioned property and observed growing plants. They obtained a search warrant, searched the house, and found a Prince Albert Tobacco can approximately one-half full of a vegetable material that was suspected to be marijuana. Approximately 240 cannabis plants were in the field. The witness said that he did not see any grinding machines that he thought were used to grind marijuana. Borghetti testified that the plants were growing about 115 yards from the house where Shepherd lived, but he did not know who owned the property. Manuel Holcomb, a chemist with the State Health Department, Drug Abuse Lab, testified that he performed an analysis on the plants brought to him by Borghetti and found the same to be marijuana.

Rhonda Shepherd, fourteen-year-old daughter of the appellant, testified that her father was not cultivating marijuana and Shepherd testified that he did not plant the marijuana plants; that he had never processed marijuana, dried or ground the leaves, and that his son owned the property.[1] As to the Prince Albert can, Shepherd simply said that it was

[1]There was an old house also located much nearer the growing cannabis plants which was used, according to the testimony of Rhonda Shepherd, as a

brought to his home by Clouse. We think the evidence on the part of the State constituted substantial evidence to sustain the conviction. It was certainly established that the plants in question were marijuana and the testimony of Clouse, if believed by the court, was potent evidence to support the conviction. In fact, it was shown by the testimony of Shepherd himself that the garden, wherein the marijuana was located, had been cultivated by him.[2] Appellant, though not arguing the point, suggests that that portion of the act which prohibits "manufacture" comtemplates more than the cultivation of marijuana plants and there is no evidence that Shepherd was grinding or processing the harvested plants. We think the statute makes it clear that the growing or cultivation of marijuana is included in the offense of manufacturing. Sub-section (m) of Section 82-2601 provides that "Manufacture" includes "production" and sub-section (u) of the section sets out that "Production includes the manufacture, planting, cultivation, growing, or harvesting of a controlled substance".

It is finally asserted that the act is unconstitutional in that it creates a rebuttable presumption which, appellant says means shifting the burden of proof and thus requiring the defendant to take the witness stand in his own behalf. The rebuttable presumption in the act refers to particular amounts of prohibited substances possessed by a defendant, this raising a rebuttable presumption that there is an intent

---

rent house from time to time. However, she could not name the renters (other than to mention that there had been one named Johnny), nor did she know when the property became vacant.

[2]From the testimony of Shepherd: "I have a garden out there. I raise trucks of vegetables for the whole neighborhood.
Q. Do you think maybe he was mistaken and he thought it was marijuana?
A. I would think so.
Q. When you took him out to show him your garden, what did you show him?
A. I showed him my turnips, and I had some squash and peppers.
Q. While you were out there showing him your turnips and squash and peppers, did you show him these plants that are on Exhibit No. 3?
A. We walked right along the side of them, but I didn't know what they were.
Q. You didn't know that that was marijuana really?
A. No.
Q. And you didn't tell·him that that was marijuana?
A. I don't think I did.
Q. You don't think you told him it was marijuana?
A. If I did, it was just a joke."

to deliver or sell. That situation is not actually here involved, for the offense of manufacturing or growing marijuana contains no reference to any specific amount. Be that as it may, the simple answer to this argument, without adding further discussion, is that a similar contention was raised in *Stone* v. *State*, 254 Ark. 1011, 498 S.W. 2d 634 (there amounts were involved) and held to be without merit. This Court found the act not violative of the privilege against self incrimination and further held the act constitutional.

Affirmed.